UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHASE RONYAE MCMILLON,<br><br>Defendant. | Case No. 20-cr-00242-JSW-1<br><br>**ORDER REGARDING OUTSTANDING MATTERS**<br><br>Re: Dkt. No. 178, 179, 195, 200 |

The Court issues this Order to resolve several outstanding issues the parties have presented prior to trial.

First, the Court OVERRULES Defendant's objections to slides that the Government intends to use with its CAST witness, FBI Special Agent Meredith Stanger, and finds the information contained is relevant and reliable and that Defendant's objections go to the weight of the evidence. For this reason and for reasons stated on the record at the pretrial conference, this Order resolves Defendant's motion in limine number 2.

Second, the Government has stated that K.S. will testify on the first day of trial, which resolves Defendant's objection to her presence in the courtroom during the Government's case in chief. Defendant also objects to K.S. remaining in the courtroom in the event the Government calls her as a rebuttal witness. Having considered the parties' briefs on this issue, the Court concludes Defendant has not met his burden to show that K.S.'s testimony would be materially altered if she heard other trial testimony. *See* 18 U.S.C. § 3771(a)(3). The Court also concludes Defendant has not established that he would be entitled to the information he contends would be necessary to assist him in meeting that burden, given the materials he has submitted in connection with his objection. Accordingly, K.S. shall be permitted to remain in the courtroom throughout

trial.

Third, Defendant has moved for production of two items from Defendant's supervised release files in advance of the testimony of United States Probation Officer Mark Unalp. The Ninth Circuit has held that a defendant may obtain information from a probation file "that bears on the credibility of a significant witness in the case." *United States v. Strifler*, 851 F.2d 1197, 1201 (9th Cir. 1988). It also has held that, as Defendant proposes, "the appropriate procedure with respect to probation files is for the trial judge to conduct an *in camera* review to determine whether they contain discoverable information." *United States v. Alvarez*, 358 F.3d 1194, 1208 (9th Cir. 2004). The Court has considered Defendant's *ex parte*, under seal brief in support of this request. The Court GRANTS the motion to seal (Docket No. 195), but it DENIES Defendant's request for production. Defendant has not demonstrated that he could not develop the lines of inquiry he seeks to pursue based on cross-examination of relevant witnesses. The Court's ruling is without prejudice to Defendant renewing his request in light of Mr. Unalp's direct testimony.

Finally, the Court has considered the parties' dispute regarding two videos that the Government seeks to play during its opening statement. The Court will permit the Government to describe the content of those videos, but it sustains Defendant's objections to the Government playing those videos before they have been introduced into evidence.

**IT IS SO ORDERED**.

Dated: March 18, 2022

_____
JEFFREY S. WHITE
United States District Judge